U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 5 2007

ROBERT H. SHEMWELL, CLERK
BY _____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TEILLA NOEL, et al** | : | **DOCKET NO. 06-0685** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **TARGET CORP OF MINNESOTA, et al** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #16) filed by defendants, Target Corporation of Minnesota and Old Republic Insurance Company (collectively referred to as "Target") wherein Movers seek to have the claims of plaintiffs, Teilla Noel, Individually as tutrix of Ashley Noel, Kadey Noel and Brent Noel, dismissed pursuant to Rule 56 of Federal Rules of Civil Procedure. Plaintiffs filed no opposition to the motion.

### FACTUAL STATEMENT

Plaintiffs' complaint makes the following allegations. On or about March 23, 2005, Teilla Noel, while shopping at the Target Store in Lake Charles, Louisiana inadvertently stepped in a clear, sticky slimy substance on the floor of a walkway. Noel's foot slipped causing her to perform a split maneuver resulting in her falling to the floor with her left foot upside down underneath her. Plaintiffs have filed claims of negligence for herself and her minor children.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable

to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

---

[1] Fed. R.Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson,* 477 U.S. at 249.

[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[8] *Anderson,* 477 U.S. at 249-50.

## **LAW AND ANALYSIS**

Because this Court is sitting in diversity, state substantive law applies.[9] Merchant liability for slip or trip and fall cases is governed by Louisiana Revised Statute 9:2800.6[10] which places a heavy burden on Noel to prove liability against Target.[11] Even though the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, the merchant is not the insurer of the safety of his patrons.[12] In order to prove that Target breached its duty to Noel, she must demonstrate all of the following elements:

> 1. The condition presented an unreasonable risk of harm to the plaintiff and the risk of harm was reasonably foreseeable;
> 2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
> 3. The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[13]

"Constructive notice" under the statute means:

> the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee

---

[9] *Erie v. R.R. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, (1938).

[10] La. R.S. 9:2800.6 provides the following pertinent language:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which might give rise to danger.

[11] *Jones v. Brookshire Grocery Co.,* 847 So.2d 43, 48 (La.App. 2 Cir. 2003).

[12] *Jones,* 847 So.2d at 49.

[13] La. R.S. 9:2800.6(b)(1-3); *White v. Wal-Mart Stores, Inc.* 699 So.2d 1081, 1084 (La. 1997).

knew, or in the exercise of reasonable care should have known, of the condition.[14]

Target maintains that Noel can not meet her burden of proving that Target either created the condition or had actual or constructive notice of the condition prior to the accident. The following relevant facts are undisputed: After the accident, Noel noticed the small spot of clear liquid on the floor that was approximately 6 inches in diameter. Noel did not notice or observe any jar, bottle or container open or leaking fluid at or near the accident site, either before, during, or after she fell. There were no shopping cart tracks, footprints, or any wheel or streak marks traveling through or from the liquid on the floor. There were no splatter marks or dried sticky substances on the floor, cooler doors, or end-caps. There were no leaking bottles or any other types of leaks that could have caused the creation of the small spot of liquid. Noel did not know what type of liquid substance was on the floor and she had no ideal where it came from or how long it had been on the floor. Noel did not know the last time Target inspected the area of the accident before she fell. No more than five (5) minutes before the accident, Anthony Brown, a Target employee, had walked directly by and next to the area where the accident happened, and there was no liquid or substance on the floor at that time.

Immediately after the accident, Noel got up and went around to the very next aisle where there were two Target clerks. Noel told the two clerks of her incident and the slimy substance on the floor. Noel did not return to the accident site, but heard one clerk tell the other to retrieve a mop and clean up the substance on the floor. The second clerk took Noel to see the store manager in the customer service area of the store.

---

[14] La. R.S. 9:2800.6(C)(1).

A claimant must make a positive showing of the existence of the condition prior to the fall.[15] A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall.[16] Noel has failed to submit any evidence showing that the spot of liquid on the floor existed for some period of time before that accident, and that such time was sufficient to place Target on notice of its existence.[17] Because Noel can not met her burden of showing that Target had constructive notice of the liquid on the floor, Target is entitled to summary judgment in its favor as a matter of law.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice all claims of Plaintiffs at Plaintiffs' cost.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of September, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[15] *Babin v. Winn-Dixie Louisiana, Inc.* 764 So.2d 37, 40 (La. 2000).

[16] *Id.*

[17] *White*, 699 So.2d at 1084.